IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARO L. BROWNLEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01050-DWD |
| ) | |
| LU WALKER, ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**DUGAN, District Judge:**

In 2018, in the 7th Judicial Circuit of Illinois, Petitioner Demaro L. Brownlee pleaded guilty, in separate cases, to two counts of burglary and one count of unlawful possession of a stolen vehicle. (Doc. 1, p. 5-9). Petitioner was sentenced to seven years in prison for each conviction, to run concurrently. (Doc. 11-2, p. 1, 11). Each sentence also included credit for time served of 48 days, 52 days, and 32 days, respectively for each charge. (Doc. 11-1, p. 4; 11-2, p. 1, 11). Petitioner currently is in the custody of the Illinois Department of Corrections at Shawnee Correctional Center, and on October 5, 2020, he filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the Illinois Department of Corrections has miscalculated his sentence by failing to credit him for all his time served. (Doc. 1). Petitioner did not appeal the sentencing decision, file a grievance, or seek an administrative remedy prior to filing suit. (Doc. 1, p. 2). On January 18, 2021, Respondent filed a motion to dismiss Mr. Brownlee's petition for failure to

exhaust administrative and state court remedies. (Doc. 11, p. 2). Petitioner's response was due March 25, 2021, but, to date, he has failed to file a response.

It is well established that "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (April 15, 2016 S.D. Ill.) (*citing Moleterno v. Nelson,* 114 F.3d 629, 633 (7th Cir. 1997)). Thus, a petitioner can challenge his confinement under Section 2254 only after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (Nov. 26, 2019 S.D. Ill.). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Here, Mr. Brownlee has admitted in his petition that he did not "appeal the decision, file a grievance, or seek an administrative remedy," and there is no contrary evidence in the record. (Doc. 1, p. 2). Petitioner has made no allegation or argument showing cause for the failure to present his claim to the state courts or showing that a fundamental miscarriage of justice will occur if the Court insists that Petitioner

pursue his state remedies. Under Illinois law, a complaint for mandamus pursuant to 735 ILCS § 5/14-101 is the appropriate vehicle to compel a state agency to comply with state statutes or administrative rules, such as those governing the calculation of a prisoner's sentence. *VanSkike*, 2019 WL 6327195, at *3. As such, the Court directs Petitioner to pursue that remedy before resorting to the federal courts for relief.

Pursuant to Local Rule 7.1(c), the failure to timely respond to a motion may, in the Court's discretion, be deemed an admission of the merits of the motion. Here, Petitioner has failed to file a timely response to the pending motion to dismiss. The Court finds that the motion by the Respondent has merit, and, as a result, it is appropriate to exercise discretion under Local Rule 7.1(c) to deem Petitioner's failure to respond an admission of the merits of the motion to dismiss.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** the motion to dismiss (Doc. 11) filed by the Respondent and **DISMISSES** without prejudice Mr. Brownlee's habeas corpus petition pursuant to 28 U.S.C. § 2254 due to his failure to exhaust administrative remedies prior to filing suit. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**SO ORDERED.**

Dated: April 19, 2021

DAVID W. DUGAN
United States District Judge